## BECKET, In re

Common Pleas Court, Pike Co

Decided August 18, 1939

W. T. Reed, Waverly, for relator.

E. Dudley Harris, pros. atty., Waverly, for the sheriff.

### OPINION

By DAVIS, J.

Orville Becket has filed an application in the Common Pleas Court of Pike County for a writ of habeas corpus claiming that he was and is unlawfully imprisoned in the jail of the county under a commitment issued by G. W. D. Twyman, justice of the peace of Pee Pee township.

His contention is that said justice was without jurisdiction or authority to render final judgment and to sentence him in said proceedings wherein he was prosecuted before said justice for the violation of §12448-3, GC.

Robert E. Mercer, sheriff of Pike County, Ohio, filed the affidavit in the Justice of the Peace Court charging Orville Becket with the commission of an offense under the above statute, that is, that he willfully refused to answer questions propounded by said sheriff relative to fowls contained in a motor vehicle in his, the defendant's, charge or possession. On arraignment in the Justice of the Peace Court the defendant, Orville Becket, entered a plea of guilty as charged. Thereupon the justice of the peace imposed a fine of fifty dollars ($50.00) and the costs of the action and sentenced him to six (6) months in the county jail.

Relator contends in this court that the justice of the peace was without jurisdiction or authority to render final judgment and sentence for the reason that the complaint against the defendant in that court was not made by "the party injured", and that being true, contends that the authority and jurisdiction of the justice of the peace permitted and compelled him to "require the accused to enter into a recognizance to appear before the proper court" and nothing else or more.

The sole and only question to be decided in this case in order to reach a conclusion is this: Was the sheriff, Robert. E. Mercer, "the party injured" in the offense under §12448-3 committed by the defendant, Orville Becket? If he was, the relator is not unlawfully restrained; if he was not "the party injured", then the relator was and is.

The second syllabus of the case of **Hanaghan v State, 51 Oh St 24,** reads in part as follows:

"By 'the party injured' * * * is meant the person who suffers some particular injury from the commission of the misdemeanor, as distinguished from that which results to the public, or local community where it was committed."

The party injured means the party or person who sustains the injury. What kind of an injury? The Supreme Court said, in the Hanaghan case. a particular injury "either in his person, property or reputation." The injury received by the sheriff in this case was not a particular injury. It was an indirect injury to him in the performance of his duty. He, as an officer, was injured in this case as he is in the case of most any other crime when an accused refuses to talk; he is hindered, delayed and often times he is obstructed in the proper performance of his duty in the investigation of crime. However, Orville Becket's commission of the offense under §12448-3 in refusing to answer proper questions as provided by the statute did not injure the person or the property or the reputation of sheriff Robert E. Mercer so as to make him the "party injured" within the meaning of §13433-9, GC. His injury is to him in his official capacity as an officer, an agent, or a representative of the public or the local community, and in the instant case, not an injury to him in his individual and personal capacity. Under this section the "party injured" in all such cases where there is a "party injured" would surely be the person or persons who owned or had some right or title to the property wrongfully in the possession of the party or person who refused to answer the peace officer's questions. That would be the person or party whose property had been taken and who had thus suffered a personal, pecuniary, material injury.

The sole and only question in this case is a rather cold and technical legal one, the decision of which reflects in no way upon the question of what punishment this defendant should have legally received for the offense he committed— did the justice of the peace have authority to impose sentence as he did or was his only authority to require the accused to enter in to a recognizance to appear before the proper court? The justice assumed to exercise the former, and in the opinion of this court under the facts and circumstances of this case he had a total and complete lack of such jurisdiction. Consequently this court concludes that Orville Becket is unlawfully restrained of his liberty and it will therefore be ordered that he be discharged from custody forthwith.